**James C. Mahan
U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RACHEL BURD,

        Plaintiff(s),

v.

JP MORGAN CHASE and BANK OF NEW YORK MELLON,

        Defendant(s).

2:13-CV-337 JCM (PAL)

## ORDER

Presently before the court is defendants JP Morgan Chase and Bank of New York Mellon's motion to dismiss. (Doc. # 4). Pro se plaintiff Rachel Burd responded (doc. # 8), and defendants filed a reply (doc. # 9).

**I.    Background Facts**

On or about June 30, 2006, plaintiff purchased property located at 3017 Prairie Princess Avenue in North Las Vegas ("the property"). (Doc. 4-1, Ex. A). Plaintiff executed a promissory note in the amount of $232,950 in favor of Countrywide Bank, N.A., which was secured by a deed of trust against the property naming Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary. (*Id*.). CTC Real Estate Services was named as the trustee for the deed of trust. (*Id*.).

On October 6, 2009, MERS executed a corporation assignment of deed of trust, assigning the deed to the Bank of New York Mellon ("BNY") as the successor in interest of JP Morgan Chase. (*Id*. at Ex. B). Subsequently BNY executed a substitution of trustee, naming ReconTrust Company

as trustee. (*Id*. at Ex. C).

Also, on October 6, 2009, ReconTrust Company recorded a notice of default. (*Id*. at Ex. D). ReconTrust Company recorded a rescission of the notice of default on April 8, 2010. (*Id*. at Ex. E). A notice of trustee's sale was recorded by ReconTrust Company on August 3, 2010. (*Id*. at Ex. F). A foreclosure mediation certificate was recorded by ReconTrust Company on October 25, 2010, and notices of trustee's sale were recorded on October 25, 2010, and March 15, 2011. (*Id*. at Exs. G-I). The property was sold at a trustee's sale on June 2, 2011, and a trustee's deed upon sale was recorded on June 21, 2011. (*Id*. at Ex. J)

Plaintiff filed her complaint on February 4, 2013, in state court. (Doc. # 1, Ex. A). Although not abundantly clear, the court, in fairness, construes plaintiff's pro se complaint to allege the following claims: (1) securitization, (2) validity of assignment, (3) misrepresentation and fraud, and (4) quiet title. (*Id*.). Defendants removed the case on February 27, 2013 (doc. # 1), and subsequently filed the instant motion to dismiss (doc. # 4).

**II.     Legal Standard**

   *A.     Rule 8*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

1  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
2  suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
3  allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's
4  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
5  liable for the alleged misconduct. *Id*. at 1949.

6  Where the complaint does not "permit the court to infer more than the mere possibility of
7  misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."
8  *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not
9  crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550
10  U.S. at 570.

11  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202,
12  1216 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of
13  truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of
14  action, but must contain sufficient allegations of underlying facts to give fair notice and to enable
15  the opposing party to defend itself effectively. Second, the factual allegations that are taken as true
16  must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party
17  to be subjected to the expense of discovery and continued litigation." *Id.*

18  "Generally, a district court may not consider any material beyond the pleadings in ruling on
19  a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint
20  may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896
21  F.2d 1542, 1555 n.19 (9th Cir.1990) (citations omitted). Similarly, "documents whose contents are
22  alleged in a complaint and whose authenticity no party questions, but which are not physically
23  attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
24  converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d
25  449, 454 (9th Cir. 1994). Under Fed. R. Evid. 201, a court may take judicial notice of "matters of
26  public record." *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if
27  the district court considers materials outside of the pleadings, the motion to dismiss is converted into
28

James C. Mahan
U.S. District Judge

- 3 -

1  a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912,
2  925 (9th Cir. 2001).

3    *B.*  *Rule 9*

4    Rule 9 provides that for a party to allege fraud, he "must state with particularity the
5  circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's
6  mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who,
7  what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d
8  1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with
9  adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as
10 a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be
11 harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from
12 unilaterally imposing upon the court, the parties and society enormous social and economic costs
13 absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)
14 (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)).

15 **III.** **Discussion**

16   As an initial matter, the court acknowledges that the complaint and opposition to the instant
17 motion are *pro se*, which is held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94
18 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however
19 inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
20 lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary civil
21 case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*,
22 790 F.2d 1362, 1364 (9th Cir.1986).

23   Defendants argue that plaintiff has not met the proper pleading requirements under Fed. R.
24 Civ. P. 9 and that plaintiff's complaint presents no potentially viable claims for relief against
25 defendants. Plaintiff asserts that her complaint meets and exceeds the standard governed by Fed. R.
26 Civ. P. 8(a).

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

*A.     Securitization*

Securitization does not inherently change the "existing legal relationship between the parties to the extent that the original parties cease to occupy the roles they did at the closing." *Reyes v. GMAC Mortgage, LLC.,* 2:11-cv-100-JCM-RJJ, 2011 WL 1322775, *2 (D. Nev. 2011). "Securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Id.* (collecting cases). Since "securitization merely creates a separate contract, distinct from plaintiffs' debt obligations[ ] under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail." *Id. at *3* (citing *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No. 2:10-cv-375, 2010 WL 4788209, at *4 (D. Utah Nov. 16, 2010) (quotation marks and citation omitted)).

The court construes plaintiff's pro se complaint to allege claims premised upon the securitization of the note. (Doc. # 1-1, 2: ¶ 4). To the extent that plaintiff's claims rely upon securitization of the note changing the legal relationship of the parties, these claims are dismissed because there are no grounds in which relief may be granted.

*B.     Validity of Assignment*

It is well-established that "a third party lacks standing to raise a violation of a [Pooling and Servicing Agreement ('PSA')]." *Benoist v. U.S. Bank N.A.*, 2012 WL 3202180, at *5 (D.Haw. Aug. 3, 2012) (collecting cases); *see also, e.g., Viloria v. Premium Capital Funding LLC*, 2012 WL 4361252, at *3 (D.Nev. Sept. 20, 2012) ("Plaintiffs lack standing . . . to enforce or assert claims arising under the trust purchase agreement or [PSA] surrounding the 'securitization' of the Note.") (collecting cases).

The court construes plaintiff's pro se complaint to allege that the assignment of the note and deed of trust was invalid for violating various provisions of the PSA. (Doc. # 1-1, 2: ¶ 3). However, even if these allegations are true, plaintiff was neither a party, nor an intended third-party beneficiary, to the assignment of the PSA. Plaintiff has also failed to assert that she is a party to, or a thirty-party of, the PSA's terms or the assignment of deed of trust. Therefore, plaintiff does not have standing to allege any violations of the PSA or attack the validity of the assignment.

Plaintiff's implied claims based on alleged PSA violations or the validity of the assignment are dismissed.

### C.     Misrepresentation and Fraud

Intentional misrepresentation requires that the plaintiff state "(1) the defendant made a false representation; (2) with the knowledge or belief that the representation was false (knowledge that it had an insufficient basis for making the representation); (3) and was made with the intention of inducing the party to act or refrain from acting upon the misrepresentation; (4) plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff suffered damage as a result of the reliance." *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). Intentional misrepresentation and negligent misrepresentation are related, the difference being "that a negligent misrepresentation is made without a reasonable basis for believing its truthfulness." *Id*. at 1170.

"[A] plaintiff asserting fraud against a corporate [entity] must state the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009)).

Plaintiff's reliance upon Rule 8(a)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief" is not applicable in cases of fraud. Fraud claims must meet the heightened pleading standard of Rule 9 and allege the who, what, when where, and how. Plaintiff's complaint only states that she had a "justified reliance on truthfulness of ownership and proper assignments which was misrepresented by defendant's account of ownership beneficiary through endorsements, assignments, notice of default and notice of trustee sale." (Doc. # 1-1, 2: ¶ 5).

Plaintiff fails to provide the time, place, substance of the alleged misrepresentation, or the identity of the person who made the alleged misrepresentation. Thus, even with plaintiff's complaint construed liberally, she has failed to make sufficient allegations under the heighten pleading standard. Further, plaintiff has failed to provide any factual assertions that she justifiably relied on

James C. Mahan
U.S. District Judge

- 6 -

the alleged misrepresentation or allege how her reliance on the misrepresentation caused her to suffer her damages.

Since plaintiff has failed to adequately plead or allege fraud or misrepresentation, these claims are dismissed.

D.     Quiet Title

"A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property." *Kemberling v. Ocwen Loan Servicing, LLC*, 2:09-CV-00567-RCJ (LRL), 2009 WL 5039495, at *2 (D. Nev. 2009). Where such adverse claims exist, the party seeking to have another party's right to property extinguished bears the burden of overcoming the "presumption in favor of the record titleholder." *See Breliant v. Preferred Corp.*, 918 P.2d 314, 318 (Nev. 1996); *see also Clay v. Scheeline Banking & Trust Co.*, 159 P. 1080, 1082 (Nev. 1916).

The court construes plaintiff's pro se complaint to assert a claim for quiet title. (Doc. # 1-1, 2: ¶ 5). In plaintiff's complaint she asserts no other party claiming any interest in the property that is adverse to plaintiff's title or the deed of trust. She also has not identified any party with an adverse interest. There is not presently a dispute between two or more parties over the right to foreclosure under the mortgage. Plaintiff has not overcome the burden of a "presumption in favor of the record titleholder." Therefore, plaintiff's quiet title is dismissed.

**IV.**     **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants JP Morgan Chase and Bank of New York Mellon's motion to dismiss (doc. # 4) be, and the same hereby is, GRANTED without prejudice.

DATED April 25, 2013.

                                    /s/ James C. Mahan
                                    UNITED STATES DISTRICT JUDGE